**King NELSON, Karla Hudson, Charles Austin, Walter R. Saumier, Charlotte Czarnecki, Kyle Austin, Plaintiffs,**

**v.**

**Candice MILLER, in her official capacity as Secretary of State for the State of Michigan, Defendant.**

**No. 5:96–CV–159.**

United States District Court, W.D. Michigan, Southern Division.

Dec. 20, 1996.

---

**202**

Amy Maes, Michigan Protection & Advocacy Service, Inc., Lansing, MI, for plaintiffs.

Denise Carole Barton, Asst. Atty. General, Frank J. Kelley, Attorney General, Public Employment & Elections Division, Lansing, MI, for defendant.

## OPINION

ROBERT HOLMES BELL, District Judge.

Before the Court is Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Plaintiffs are registered voters in the State of Michigan who are blind and cannot independently read or mark the election ballots provided for them. The Defendant is the Secretary of State for the State of Michigan. The Plaintiffs claim that the Defendant's failure to provide secret ballots to blind voters violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794. The basis of the Plaintiffs' claim is that the "fundamental right of the voting franchise includes the right to cast a ballot in private, without involving a third person to read or mark the ballot." The Plaintiffs ask this Court to permanently enjoin the Defendant from failing to develop procedures that would allow them to vote by secret ballot and to order the Defendant to implement a plan to provide sensitivity training for election workers.

The Defendant claims that dismissal is appropriate for two reasons. First, the Michigan statute which allows blind voters to designate any person over the age of eighteen or an immediate family member to assist them in casting a ballot, M.C.L.A. § 168.751, is in compliance with the Federal Voting Rights Act of 1965 as amended in 1982, 42 U.S.C. § 1973aa–6, and the Voting Accessibility for the Elderly and Handicapped Act of 1984 (VAEH), 42 U.S.C. § 1973ee–1. Second, neither the RA or the ADA provide blind voters with a right to privately cast a ballot without the assistance of a third party.

Because the Plaintiffs' complaint is based on alleged violations of the American with Disabilities Act and the Rehabilitation Act of 1973, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiffs, accept all factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claim that would entitle them to relief. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995), *cert. denied* —— U.S. ——, 116 S.Ct. 1041, 134 L.Ed.2d 189 (1996).

## I.

█ "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); *Carroll v. C.I.R.,* 71 F.3d 1228, 1231 (6th Cir.1995), *cert. denied* —— U.S. ——, 116 S.Ct. 2547, 135 L.Ed.2d 1067 (1996). Congress did not intend that the ADA displace the Federal Voting Rights Acts. *See* 42 U.S.C. § 12201. Therefore, this Court will evaluate M.C.L.A. § 168.751 under the two applicable Federal Voting Rights Acts, the ADA, and the RA.

The Defendant claims that the Plaintiffs' allegations, even if taken as true, do not demonstrate a violation of either of the two applicable Federal Voting Rights Acts. The Federal Voting Rights Act of 1965, as amended in 1982, states,

Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

42 U.S.C. § 1973aa–6.

█ The portion of the Senate Report accompanying the Act which dealt with assistance for blind voters explains, "[t]he Committee has concluded that the only kind of assistance that will make fully 'meaningful' the vote of the blind ... is to permit them to bring into the voting booth a person whom the voter trusts and who cannot intimidate him." Sen.Rep. No. 97–417, at 62 (1982), *reprinted in* 1982 U.S.C.C.A.N. 177, 241.[1]

The VAEH, 42 U.S.C. § 1973ee–1(a), requires that,

Within each State, except as provided in subsection (b) of this section, each political subdivision responsible for conducting elections shall assure that all polling places for Federal elections are accessible to handicapped and elderly voters.

The Senate Report accompanying the VAEH explicitly dealt with the possibility of loss of privacy at the voting booth when it said, "the Committee anticipates that any minimal effect on the privacy of those who are elderly or handicapped is more than offset by the expanded opportunities for participation in the political process." Sen.Rep. No. 98–590, at 7 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2801, 2807. It is clear from the legislative history accompanying these Acts, Congress intended to provide blind voters with access to the voting place and protection from coercion in the voting booth.

The Michigan Statute at issue in this case, M.C.L.A. 168.751, states,

When at an election an elector shall state that the elector cannot mark his or her ballot, the elector shall be assisted in the marking of his or her ballot by 2 inspectors of election. If an elector is so disabled on account of blindness, the elector may be assisted in the marking of his or her ballot by a member of his or her immediate family or by a person over 18

---

1. The Senate Report also mentions privacy in voting, however, this is done after the report concludes that the right to vote is made meaningful if a blind voter is assisted by someone they can trust. Sen.Rep. No. 97–417, at 62 (1982), *reprinted in* 1982 U.S.C.C.A.N. 177, 241. The Senate Report does not refer to the creation of a special privacy right for blind voters. Rather, the report states that "this amendment ... implements an existing right by prescribing minimal requirements as to the manner in which voters may choose to receive assistance. In fact many states already provide for assistance by a person of the voter's choice. Section 4 of the bill simply extends this right to the blind ... in all states." *Id.* 1982 U.S.C.C.A.N. at 242. This report demonstrates that Congress believed that voting privacy concerns were met when a voter is allowed to choose an individual to assist them in voting.

years of age designated by the blind person.

To the extent that the Federal Voting Rights Act of 1965 or the VAEH apply to the Defendant, this court finds that M.C.L.A. § 168.751 cannot be construed to violate either Act. The assistance provided under M.C.L.A. § 168.751 is the type of "meaningful assistance" contemplated by Congress. Also, the loss of privacy claimed by the Plaintiffs is the type which Congress believed was offset by the expanded opportunity to vote.

## II.

The Defendant claims that neither the ADA nor the RA, in light of the plain language in each, provide the Plaintiffs with a cause of action.

The Plaintiffs claim that the ADA and RA extend a right to secret ballots for blind voters to state and local elections. With respect to the ADA, the Plaintiffs claim that a combination of three statutory provisions provide this right. First, the ADA, in its introductory section, finds,

> discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services . . .

42 U.S.C. § 12101

Second, the ADA at § 12132 requires that,

> Subject to the provisions of this subchapter, no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Third, M.C.L.A. § 168.770a, states "no rule shall be made which provides for reducing the secrecy of the ballot."

Similarly, the Plaintiffs claim that the combination of M.C.L.A. § 168.770a and § 504 of the RA provide blind voters with a right to a secret ballot. Section 504 of the RA entitled "Nondiscrimination under Federal Grants and Programs" states:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefit of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . .

■ Clearly, if the Plaintiffs were excluded from being able to cast a ballot, the Defendant would be in violation of the Voting Rights Acts, § 12132 of the ADA, and § 504 of the RA. However, the Plaintiffs do not contend that they are being denied the right to cast their ballots. Instead, they want this Court to go even further and find that Congress intended to elevate a blind voter's privacy in casting a ballot to a protected right under the ADA or RA.[2] There is no indication from the wording of the ADA and RA or the legislative history of either Act that Congress intended such a broad reading.[3] This conclusion is further strengthened when the ADA and RA are read in harmony with the Voting Rights Acts, which also do not mandate the result proposed by the Plaintiffs.

Plaintiffs cite to *Lightbourn v. County of El Paso*, 904 F.Supp. 1429 (W.D.Texas 1995) where the court found that the ADA and a Texas Election Statute provided the right to

---

2. The privacy right, as proposed by the Plaintiffs, refers to privacy in casting a ballot, without assistance from a third party, even a third party chosen by the blind voter. The privacy right sought by the Plaintiffs is not the right to choose a person to assist the blind voter in casting a ballot.

3. Under both the ADA and RA, one of the elements a plaintiff must demonstrate is that he or she has been excluded from participation, has been denied the benefits of, or is subject to

discrimination under the program or activity solely by reason of his or her disability. *See* *Lincoln CERCPAC v. Health & Hospitals Corp.*, 920 F.Supp. 488, 497 (S.D.N.Y.1996) and *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988), *cert. denied* 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989). Neither the ADA or the RA indicate that voting privacy for blind voters was a "benefit" Congress sought to protect or a "discrimination" that Congress sought to prevent.

secret voting for blind voters. *Lightbourn* is the only other case that has addressed this issue. This Court, however, is not bound by the decisions of another district court. In *Lightbourn*, the court cites to Texas Election Code § 122.001(a)(1) where the statute says "[a] voting system may not be used in an election unless the system preserves the secrecy of the ballot ..." The court also found that in adopting the ADA, Congress felt that the VAEH was not sufficient. *Id.* at 1432. After referencing ADA sections 12101(a) and 12132 and section 504 of the RA, the court concluded that "[v]isually-impaired voters in the State of Texas have a right to vote as would any other citizen on election day, secretly, at the precinct in which the voter lives." *Id.* at 1433.

This Court does not find anything in the ADA to indicate that Congress believed that the Voting Rights Acts were insufficient. Nothing in *Lightbourn* or in anything submitted by the Plaintiffs demonstrate that Congress intended that the ADA or RA should be read so broadly as to require states with statutory provisions regarding a secret ballot to provide blind voters with voting privacy free from third party assistance. Similar to the Voting Rights Acts, Congress intended that blind voters have access to the voting booth and freedom from coercion within the voting booth, not complete secrecy in casting a ballot. This Court will not rewrite the ADA or RA to require such a privacy right.[4]

This Court finds that M.C.L.A. § 168.751 is in compliance with the Federal Voting Rights Acts and that the Plaintiffs' broad reading of the RA and ADA cannot be justified under the wording and legislative history of those Acts. As a result, the facts alleged by the Plaintiffs cannot establish that the Defendant has violated the ADA or the RA. Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(6) shall be granted.

An Order consistent with this opinion shall be entered.

## ORDER

In accordance with the opinion entered this date;

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) (docket # 4) is **GRANTED**.

---

4. This Court does not address whether Congress may require the States to provide blind voters with a secret ballot that the blind voter can cast without any assistance from a third party, because it finds that Congress did not require this in either the ADA or the RA.